IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ELROY O'DONALD                                                    PETITIONER
ADC #109703

V.                              NO. 5:06cv00289 SWW-JWC

LARRY NORRIS, Director,                                          RESPONDENT
Arkansas Department of Correction

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District

Court Judge Susan Webber Wright.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and two copies of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date of the findings and recommendations.  The copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

      1.     Why the record made before the Magistrate Judge is inadequate.

      2.     Why the evidence proffered at the hearing before the District Judge
(if such a  hearing is granted)  was not offered at the hearing before the Magistrate
Judge.

   3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite 402
   Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

  Elroy O'Donald, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #2).  Respondent has filed a motion to dismiss (docket entry #12), conceding that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see id.* § 2254(a-c), but asserting that the petition should be denied for other reasons.  Petitioner has responded (docket entry #23).  For the reasons that follow, Respondent's motion to dismiss should be granted.

I.
Background

  Following entry of a *nolo contendere* plea in September 1996 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of first degree murder and was sentenced to 378 months of imprisonment.  (Resp't Ex. A.)  By pleading *nolo contendere*, Petitioner waived his right to a direct appeal under Arkansas law.  Ark. R. App. P.-Crim.

2

1(a) (1996).  There is no evidence or allegation that he sought any post-conviction relief in state court.  (*See* Resp't Ex. B.)

Petitioner now brings this federal habeas petition, arguing that his conviction and sentence were obtained by the denial of the effective assistance of counsel as guaranteed him in the Sixth Amendment to the United States Constitution.  According to Petitioner, he accidently killed the victim when confronting some individuals about attacking his daughter. He says he returned fire only after the individuals pulled out guns and began shooting at him, causing him to fear for his life and the safety of children playing in the area.  He says he did not possess the mental state necessary to commit first commit murder and, even if he had an intent to kill, the affirmative defenses of justification and duress were available to him under the applicable law.  He says his attorney was ineffective in failing to move the trial court to quash the indictment and have the charges dismissed, in advising him to plead guilty, in telling him he would be found guilty under a transferred intent theory and had no defense, and in failing to discuss the applicable statutes and possible defenses.  Petitioner says counsel's actions denied him the right to enter a knowing, intelligent and voluntary guilty plea.  He says he is actually innocent of first degree murder and was convicted under a statute that was not applicable to him or his conduct.

Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the one-year statute of limitations as set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991).  Because the Court agrees that the petition is time-barred, the procedural default argument need not be addressed.

II.
Statute of Limitations

A federal habeas petition challenging a state court's judgment of conviction must be filed within one year of the date upon which the state judgment becomes final.  28 U.S.C. § 2244(d)(1).  For purposes of the statute, a judgment becomes final upon the conclusion of all direct criminal appeals in the state court system or upon expiration of the time for seeking such review.  *Id.* § 2244(d)(1)(A); *see Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998) (this includes the completion or denial of certiorari proceedings before the United States Supreme Court or, if certiorari is not sought, expiration of the time allotted for filing a petition for the writ).  In the instant case, Petitioner pleaded *nolo contendere* on September 23, 1996, and an amended judgment and commitment order was filed with the trial court on November 26, 1996.  (Resp't Ex. A.)  Petitioner's plea waived his right to direct review under Arkansas law, thereby making his judgment final at the time of entry. Accepting Petitioner's declaration that he placed his petition in the prison mailing system on October 16, 2006 (docket entry #2, at 14), this habeas petition is deemed "filed" on that date, almost ten years later and, therefore, untimely.  *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

Under certain circumstances, the one-year limitations period may begin running later than the date a criminal judgment becomes final.  28 U.S.C. § 2244(d)(1)(A-D) (limitations period runs from the latest of: the date the judgment became final, the date of removal of any unconstitutional state-created impediment to filing, the date of any United States

Supreme Court decision initially recognizing a constitutional right that is retroactively applicable to cases on collateral review, or the date on which an underlying factual predicate could have been discovered through due diligence).  Additionally, time consumed by properly filed post-conviction proceedings in state court does not count against the one-year limitations period.  *Id.* § 2244(d)(2).

Here, Petitioner sought no post-conviction relief in state court which would toll the limitations period under § 2244(d)(2), nor does he allege applicability of any of the statutory provisions for a delayed triggering date under § 2244(d)(1).  Specifically, there is no allegation or evidence of any state-created impediment which has prevented him from seeking federal habeas relief since his conviction under subsection (d)(1)(B), he does not identify any United States Supreme Court case announcing a newly recognized constitutional right under subsection (d)(1)(C), and he does not allege any newly discovered factual predicates under subsection (d)(1)(D).

Petitioner concedes that his federal petition is untimely, but he contends that the legal basis for his claim is novel and could not have been discovered through due diligence because no precedent existed at the time of his conviction.  He says the state legislature intended that the transferred intent theory be used to prosecute persons who committed acts like gang-related drive-by shootings and who intended to kill another person, commonly another rival gang member, and instead killed an innocent bystander.  He says that the courts have not addressed whether a transferred intent theory should be applied in a case like his, that is, where an innocent bystander is killed by a person defending himself and others against an unlawful use of force by gang members.

In the absence of a new United States Supreme Court decision or a factual predicate that could not have been discovered earlier, novelty of a legal argument has no effect on the calculation of the statutory limitations period. Moreover, the transferred intent doctrine has a long history under Arkansas law and has been applied in a variety of factual contexts, including those where the defendant alleges he was acting in self-defense or under duress. It is not limited to drive-by shootings involving gang members. *See Williams v. State*, 906 S.W.2d 677, 679-81 (Ark. 1995) (upholding first degree murder conviction under transferred intent theory where defendant testified that he exchanged gunfire with another individual in self-defense, resulting in shooting of a bystander); *Johnson v. State*, 218 S.W.2d 687, 687-88 (Ark. 1949) (upholding voluntary manslaughter conviction of defendant who, "by misadventure," struck and killed third party who was trying to separate defendant from an assailant); *Ringer v. State*, 85 S.W. 410, 412 (Ark. 1905) ("If the act he intended to do was criminal, then the law holds him responsible for what he did, even though such result was not intended. On the other hand, if he intended only a lawful act, he will not be punished for a result he did not intend, if he acted with due care."); *see also Johnson v. State*, No. CACR 06-1489, 2007 WL 2852615, *1 (Ark. Ct. App. Oct. 3, 2007) (stating that the "notion of transferred intent is not a new legal theory" and that Arkansas case law is "replete with references to the concept").

Petitioner also contends that his untimeliness should be excused because he is actually innocent of the crime of conviction, asserting that he did not possess the requisite mental state for first degree murder. *See* Ark. Code Ann. § 5-10-102(a)(2) (1995) (a person commits first degree murder if "[w]ith a purpose of causing the death of another

person, [he] causes the death of another person").  He argues that, due to the ineffective

assistance of counsel, he was convicted under a statute that did not apply to his conduct.

Section 2244(d)'s one-year provision is a true statute of limitations, rather than a

jurisdictional bar, and is thus subject to equitable tolling in addition to the mechanisms

specified by statute.  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).  A habeas

petitioner seeking equitable tolling of the federal limitations period bears the burden of

establishing (1) that he has been pursuing his rights diligently and (2) that some

extraordinary circumstance stood in his way and prevented a timely filing.  *Lawrence v.*

*Florida*, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that § 2244(d) allows for

equitable tolling).  It is clear in the Eighth Circuit that a claim of actual innocence, standing

alone, is insufficient to justify equitably tolling:

> We do not hold that actual innocence can never be relevant to a claim
> that the habeas statute of limitations should be equitably tolled.  For such a
> claim to be viable, though, a petitioner would have to show some action or
> inaction on the part of the respondent that prevented him from discovering
> the relevant facts in a timely fashion or, at the very least, that a reasonably
> diligent petitioner could not have discovered these facts in time to file a
> petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).

Petitioner has not shown the existence of any action or inaction by the state or any

state actor that prevented him, in the exercise of reasonable diligence, from raising his

current specific factual and legal arguments in a timely federal habeas petition.  Absent

obstructive state action, an actual-innocence claim simply cannot, under the current state

of the law in the Eighth Circuit, entitle a petitioner to equitable tolling.  *Id.* at 977-78; *see*

*also Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (no equitable tolling where habeas

petitioner alleged no state conduct that lulled her into inaction and she knew the factual

basis for her actual-innocence claims at time of her conviction but sought no judicial review for fifteen years); *Freeman v. Norris*, 58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpub.) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced.").

Furthermore, to demonstrate a viable actual-innocence claim, a habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316.

Petitioner does not present any evidence in support of his claim of innocence, much less anything "new" or "reliable." A petitioner must present actual evidence of his innocence; bare allegations are insufficient to invoke the exception. *Simmons v. Taylor*, 195 F.3d 346, 348 (8th Cir. 1999); *see Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (exception requires petitioner "to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted"), *cert. denied*, 127 S. Ct. 590 (2006). Additionally, to the extent his actual-innocence argument hinges on his belief that his conduct was legally justified or that his attorney was ineffective in advising him to plead guilty, these are claims of legal innocence rather than factual innocence, which must fail under *Schlup*. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (exception is concerned with claims of factual innocence, as compared to legal innocence); *Ellis v.*

*Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (actual innocence exception did not apply to petitioner's claim that he is legally innocent because his conduct was justified by doctrine of self defense); *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994) (legal innocence claim where petitioner asserted that guilty plea was induced by constitutionally ineffective counsel).

Petitioner's actual-innocence claim does not entitle him to equitable tolling of the statutory limitations period.

Finally, Petitioner contends that the federal statute of limitations amounts to an unconstitutional suspension of the writ of habeas corpus. The Suspension Clause of the United States Constitution provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion as the public Safety may require it." U.S. Const., art. I, § 9, cl. 2. The Clause is violated by enactments that make the writ "inadequate or ineffective to test the legality of (the applicant's) detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Circuits considering whether § 2244(d) contravenes the Suspension Clause – including the Eighth Circuit in an unpublished opinion – have held that no *per se* violation exists. *E.g.*, *Hirning v. Dooley*, 209 Fed. Appx. 614, 615 (8th Cir. 2006) (unpub.); *David v. Hall*, 318 F.3d 343, 347-48 (1st Cir. 2003); *Wyzykowski v. Dep't of Corrections*, 226 F.3d 1213, 1215-18 (11th Cir. 2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998). Some courts have suggested that the Suspension Clause may require an exception to the statute of limitations for petitioners who demonstrate actual innocence. *See Hirning*, 209 Fed. Appx. at 615; *Wyzykowski*, 226 F.3d at 1217-18. Even if such an exception exists,

it would not apply to Petitioner because, as explained above, he has not made a predicate showing of actual innocence.

In summary, this petition was filed outside the limitations period provided in § 2244(d)(1) and was not tolled under any statutory provision or equitable principles. Therefore, it must be denied as untimely.

III.
Conclusion

For the foregoing reasons, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) is untimely and should be denied.  Therefore, Respondent's motion to dismiss (docket entry #12) should be granted, thereby dismissing this action in its entirety with prejudice.

DATED this 5th day of November, 2007.


_____
UNITED STATES MAGISTRATE JUDGE